## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:  Case No. 18-24677-JKO
 Chapter 11

    BG CAPITAL MANAGEMENT
    SOUTH FLORIDA, LLC,

        Debtor-In-Possession.
_____/

## JOINT MOTION TO DISMISS CHAPTER 11 CASE

BG Capital Management South Florida, LLC (the "Debtor"), and Gaddis Capital Corporation (the "Creditor") (together, the "Parties"), by and through their undersigned counsel, file this *Joint Motion to Dismiss Chapter 11 Case* (the "Motion") and requests that this Court enter an order, pursuant to section 305(a) of the Bankruptcy Code, dismissing the Debtor's Chapter 11 case, and, in support thereof, states:

### Background

1. On November 27, 2018, Debtor filed for voluntary relief under Chapter 11 of the Bankruptcy Code (DE 1).

2. The bankruptcy was filed as a scheduled foreclosure sale was to take place on the date of filing.

3. Creditor is one of the Debtor's major secured creditors, is the Plaintiff in the foreclosure case (Indian River County, case no. 2018CA000216) (the "Foreclosure Litigation"), and joins Debtor in this Motion.

4. Further, Iberiabank, another of Debtor's major secured creditors, supports dismissal of the instant bankruptcy case.

5. On November 28, 2018, an Order Setting Status Conference (DE 5) was entered,

which set a status conference on December 11, 2018 at 10:30 a.m.

6. Debtor's course of action is to dismiss this Chapter 11 case as Debtor filed for bankruptcy due to the Foreclosure Litigation, and the best interest of the creditors would be better served by dismissal of the instant case.

## Legal Analysis

7. Dismissal pursuant to Section 305(a)(1) of the Bankruptcy Code is warranted in this case. That section provides:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if--
> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension; [..]

11 U.S.C. § 305(a)(1).

7. Although "section 305 is applicable only in narrow circumstances," it "grants bankruptcy courts significant discretion, in certain circumstances, to either dismiss or suspend" a bankruptcy case. *In re Duratech Indus., Inc.*, 241 B.R. 283, 287 (Bankr. E.D.N.Y. 1999). This discretion should be exercised as follows:

> [B]ankruptcy courts must look to the facts of each individual case. The focus on the individual facts of each case recognizes that the interests of the debtor and the creditors, which must be weighed under § 305, are unique to each individual case. Accordingly, a bankruptcy court is not bound by a prescriptive template; it may consider any factors it deems relevant to the determination of whether it is in the best interests of the parties to the suit to seek dismissal. Reasoned judgment based on articulated facts is the only test which the statute itself requires.

*In re Spade*, 269 B.R. 225, 228 (Bankr. D. Colo. 2001) (internal citations and quotations omitted).

8. "Courts have considered a wide variety of factors to evaluate whether abstention is appropriate under § 305(a), including: (1) the purpose of the bankruptcy; (2) the necessity of federal proceedings to achieve a just and equitable solution; (3) the availability of another forum

to resolve the unsettled issues; (4) the efficiency and economy of having the bankruptcy court settle the matter; (5) the possible prejudice to the various parties; and (6) whether the bankruptcy forum is being used to resolve what is in essence a two-party dispute." *In re Efron*, 529 B.R. 396, 405 (1st Cir. BAP 2015) (citations omitted).

9. The interests of the creditors and the Debtor are better served by dismissal of the Chapter 11 Case.

10. Debtor's unsecured creditors on its List of Twenty Largest Unsecured Creditors (DE 2) consist of a total of 4 unsecured creditors: 2 tax creditors and 2 creditors that are associations.

11. There will be no prejudice to those unsecured creditors should the case be dismissed as all creditors will be restored their pre-petition rights upon dismissal.

12. Further, alternate forums exist for the resolution of disputes between Debtor and its creditors.

13. The Parties request that this case be dismissed under § 305(a)(1) of the Bankruptcy Code.

**WHEREFORE**, the Parties respectfully requests that the Court enter an Order dismissing the Chapter 11 case, and for any further relief this Court deems proper.

Dated:  December 3, 2018

| | |
|---|---|
| **Counsel for Creditor,** | **Counsel for Debtor,** |
| **SAX, WILLINGER & GOLD** | **VAN HORN LAW GROUP, P.A.** |
| 600 S. Andrews Ave., Suite 401 | 330 N Andrews Ave., Suite 450 |
| Fort Lauderdale, FL 33301 | Fort Lauderdale, FL 33301 |
| Telephone: (305) 591-1040 | Telephone: (954) 765-3166 |
| Email: sgold@swglawyers.com | Email: chad@cvhlawgroup.com |
| | |
| By: /s/ Stuart M. Gold, Esq. | By: /s/ Chad Van Horn, Esq. |
| Stuart M. Gold, Esq. | Chad Van Horn, Esq. |
| Florida Bar No. 265421 | Florida Bar No. 64500 |